| | | |
|---|---|---|
| JOHN WRIGHT | : | DOCKET #:        DISTRICT: 08 |
| VERSUS | : | OFFICE OF WORKERS' COMPENSATION |
| LCS CORRECTIONS SERVICES, INC. | : | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT PETITION SEEKING APPROVAL OF
## WORKERS' COMPENSATION SETTLEMENT

The joint petition and agreement of JOHN WRIGHT of the full age of majority, a resident of and domiciled in Basile, Louisiana hereinafter called "Employee", LCS CORRECTIONS SERVICES, INC., a domestic corporation qualified to do and doing business in the State of Louisiana, hereinafter called "Employer/Insurer" and COMMERCE AND INDUSTRY INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana, hereinafter called "Insurer" and including any predecessors, successors, parents, affiliates, related or subsidiary companies, divisions, partnerships, joint ventures, assigns, insurers, excesses insurers, reinsurers, underwriters, indemnitors, present and/or former administrators, directors, officers executive officers, representatives, agents attorneys, employees, servants, and heirs and/or person or entities for which Employer and/or Fund may have liability herein, hereinafter collectively referred to as "Released Parties" respectfully represent:

1

WRIGHT-AIG-WC-001175

1.

On or about November 10, 2014, Employee was employed by Employer in Lafayette, Louisiana; the nature of the employment and the business of the Employer/Insurer/Released Parties and the services rendered therein by the Employee were such that the Louisiana Workers' Compensation laws were and are applicable to the rights and liabilities of the parties pursuant thereto.

2.

Employee and Employer/Insurer/Released Parties allege and agree that this claim falls exclusively within the jurisdiction of the Louisiana Workers' Compensation Act, to the exclusion of any other workers' compensation law, State or Federal, including, without limitation, the U.S. Longshoreman and Harbor Worker's Compensation Act.

3.

Employee alleges he sustained physical injury by an accident on or about November 10, 2014 when employee was involved in a rear end collision causing injury to his neck and back, along with other various injuries which employee alleges was the result of an occupational accident which occurred in Walker, Louisiana.  Employee alleges that, as a result of this accident, he became disabled and unable to work.

2

WRIGHT-AIG-WC-001176

4.

As a result of the above described accident, LCS CORRECTIONS

SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY

and Released Parties have agreed to waive their lien in the third party claim entitled

"Jackie Osborne, Jr., et al v. Government Employees Insurance Company, et al",

bearing docket no.: 75871, Parish of Evangeline, State of Louisiana in exchange for

employee dismissing his workers' compensation claims against LCS

CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY

INSURANCE COMPANY  and Released Parties which Employee wishes to

accept.

5.

Employer/Insurer/Released Parties denies that Employee is unable to work.

Employer/Insurer/Released Parties denies that Employee is entitled to any further

workers' compensation benefits and continues to maintain and assert all defenses

available under the provisions of the Louisiana Workers' Compensation Act.

6.

It is agreed that Employer/Insurer/Released Parties have paid medical

benefits in the sum of $11,314.77 and indemnity benefits in the amount of

$23,249.55.

WRIGHT-AIG-WC-001177

7.

The parties, therefore, allege that serious bona fide disputes exist between them as defined by the Louisiana Workers' Compensation laws, and, particularly, but not exclusively, by LSA-R.S. 23:1271-1273 and the other laws of Louisiana, as to any liability vel non of the Employer/Insurer to the Employee.

8.

The parties agree that the sole and only consideration for the agreements made by the Employee herein, was and is that LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released Parties have agreed to waive their lien in the third party claim entitled "Jackie Osborne, Jr., et al v. Government Employees Insurance Company, et al", bearing docket no.: 75871, Parish of Evangeline, State of Louisiana in exchange for employee dismissing his workers' compensation claims against LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released Parties provided this Honorable Workers' Compensation Judge approves this compromise settlement; all parties agree there are no agreements, oral or written, not expressed herein, and that this compromise settlement, petition and agreement contain the agreement between the parties.

4

WRIGHT-AIG-WC-001178

10.

Employer/Insurer/Released Parties alleges that if anything was or is due Employee, the agreement which has been agreed upon under the terms of the compromise settlement mentioned herein is more than the Employee is entitled to receive in compensation and would receive in the event of a judicial determination of his claim, and believes the compromise proposed hereinafter is in the best interest of all parties.

11.

Employee is represented by an attorney employed to advise him; said attorney has and does by his signature hereto approve and recommend to this Honorable Workers' Compensation Judge the settlement proposed herein, and does by his signature hereto certify that he has carefully read and considered the said proposed compromise settlement and its terms, and has investigated the merits of the claim and has thoroughly explained the settlement and its terms to the Employee, and the said attorney further certifies that, having investigated the matter, and having fully questioned the Employee, in the opinion of said attorney, this settlement has been entered into primarily to avoid litigation and to prevent litigation, and it is a fair and equitable settlement, and does substantial justice to the parties and hence recommends that it be approved by the Honorable Workers'

5

WRIGHT-AIG-WC-001179

Compensation Judge.

12.

JOHN WRIGHT, employee herein, hereby attests that neither employee, nor any of employee's medical providers on employee's behalf have received Medicare/Medicaid benefits as provided under 42 U.S.C.A §1395(y), as a result of the work related occupational disease or injuries employee alleges and attests that employee does not intend to file for such benefits within the next thirty (30) months.  Employee agrees that, in the event that said attestation is erroneous, employee shall hold LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released Parties, including any and all of each of its officers, directors, partners, affiliates, subsidiaries, parent companies, predecessors, successors, heirs, assignees and assignors, and with respect to each, their attorneys, officers, agents, servants, directors, stockholders, employees, underwriters, insurers, reinsurers, indemnities, contractors, subcontractors, joint venturers, operators, non-operators, lessors and lessees, all parties in privity therewith, and any and all other persons or entities to whom or for whose conduct any of them may be liable, collectively herein the released parties, harmless from any and all claims for reimbursement and/or damages that Medicare/Medicaid and/or the Health Care Financing Administration, or any party

6

on their behalf, may have against the released parties.  Employee further agrees that, in the event that said attestation is erroneous, employee will further be responsible for restitution to Medicare/Medicaid for any medical benefits Medicare/Medicaid has paid for treatment related to the work-related occupational disease or injuries employee alleges.  Moreover, employee further agrees to indemnify and hold harmless the released parties concerning any claims asserted by Medicare/Medicaid for reimbursement of any medical benefits Medicare/Medicaid has paid for treatment related to the work related occupational disease or injuries employee alleges.  Employee further agrees that, in the event that said attestation is erroneous, employee will immediately notify Medicare/Medicaid of the terms and conditions of this settlement.  Employee further acknowledges employee's understanding that should employee or any medical providers on employee's behalf submit claims to Medicare/Medicaid for services deemed causally related to employee's work related occupational disease or injuries referenced herein, Medicare/Medicaid may seek a credit towards the payments for said services in an amount representative of that portion of this settlement that reasonably constitutes the values of the claim for workers' compensation medical benefits that has been settled.  Employee understands and accepts sole responsibility for any and all medical treatment in the event that such a credit is taken.

7

WRIGHT-AIG-WC-001181

13.

It is further alleged by all parties that the Employee's social security number

is XXX-XX-0051. 0353

14.

Employee believes this compromise settlement agreement to be in his best

interest and desires to accept the settlement.

15.

LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY

INSURANCE COMPANY and Released Parties state that they have knowledge of

and concur in this settlement.

16.

Employer/Insurer/Released Parties will not be responsible for any future

medical care, treatment, indemnity benefits and/or expenses.

17.

Employee, in consideration of the settlement hereinabove described, agrees

to release and remit any compensation claim, which he might otherwise have had or

might acquire in the future.

18.

Employee alleges he may not have reached maximum medical improvement.

8

Employee and Employer/Insurer/Released Parties are aware of the six-month

waiting period provided in LSA-R.S. 23:1271, et seq., and both expressly agree to

waive the said waiting period.

19.

In order to compromise and settle all disputes, past, present and/or future,

including all future medical and future indemnity claims, LCS CORRECTIONS

SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY

and Released Parties have agreed to waive their lien in the third party claim entitled

"Jackie Osborne, Jr., et al v. Government Employees Insurance Company, et al",

bearing docket no.: 75871, Parish of Evangeline, State of Louisiana in exchange for

employee dismissing his workers compensation claims against LCS

CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY

INSURANCE COMPANY and Released Parties and employee giving a full and

final settlement, satisfaction and compromise of any and all claims for workers'

compensation benefits, past, present and future (under any State of Federal Act),

any and all executive officers or directors, damages, and expenses, including all

claims for medical expenses or treatment, of any character whatsoever, which the

employee and/or anyone else may have had and may hereafter acquire against

Employer/Insurer/Released Parties because of anything that may have occurred

9

while the Employee was employed by the Employer/Insurer/Released Parties and

particularly, but not exclusively, because of the alleged accident and/or injuries

claimed to have been sustained by Employee on November 10, 2014 or any other

time, which is claimed to have resulted and to have been caused by the said

accident, all subject to, however, the approval of the Honorable Workers'

Compensation Judge, and which the Employee desires to accept subject to the

approval of the Honorable Workers' Compensation, and which offer is being made

and accepted primarily to avoid and to prevent litigation, and of which each of the

parties hereto prefer to the hope of gaining, balanced by the danger of losing.

    WHEREFORE, the premises considered, petitioners pray that the proposed

compromise settlement and agreement be approved by this Honorable Workers'

Compensation Judge, and that accordingly, Employee, in consideration of the

settlement as above described, be authorized to agree to release and remit any

compensation claim which he might otherwise have had, and in full and final

payment, settlement, satisfaction and compromise of any and all claims for

workers' compensation benefits that Employee now has against

Employer/Insurer/Released Parties, growing out of and in any way due to the

alleged accident sustained or claimed to have been sustained on or prior to

November 10, 2014 by the Employee when he was employed by Employer.

10

WRIGHT-AIG-WC-001184

_____
JOHN WRIGHT

By: _____
Mr. Jay Williams
Glago Law Firm
First Bank Tower, 29th Floor
909 Poydras Street, 29th Floor
New Orleans, LA  70112
(504) 599-8666
Attorney for John Wright

By: _____
Dennis R. Stevens
Gibbens and Stevens
222 West St. Peter
New Iberia, Louisiana 70560
Telephone: (337) 367-8451
Attorney for LCS Corrections Services, Inc. and
Commerce and Industry Insurance Company

WRIGHT-AIG-WC-001185

**STATE OF LOUISIANA**

**PARISH OF** _Orleans_

BEFORE ME, the undersigned authority, personally came and appeared JOHN WRIGHT who, being duly sworn, deposed and said:

That he is one of the joint petitioners, the Employee, in the foregoing joint petition and agreement; that he has read said joint petition and agreement and has had it read to him and fully explained to him, and the allegations of fact contained therein and made by her are true and correct; that he has also read this affidavit and has had it read to him and fully explained to him; that he has full knowledge of all his rights and has entered into this compromise settlement, petition, and agreement fully and voluntarily, with full knowledge of all his rights and with full knowledge of its contents and meanings.

_____
JOHN WRIGHT

SWORN TO AND SUBSCRIBED before me this 21st day of _June_, 2016.

_____
NOTARY PUBLIC
Name: _____, # _____

12

JATAVIAN L. WILLIAMS
Notary Public
State of Louisiana
Orleans Parish
Notary ID # 91688
La Bar Roll # 33431
My Commission is for Life

WRIGHT-AIG-WC-001186

**STATE OF LOUISIANA**

**PARISH OF IBERIA**

BEFORE ME, the undersigned authority, personally came and appeared

DENNIS STEVENS who, being duly sworn, deposed and said:

That he is counsel for LCS CORRECTIONS SERVICES, INC.,

COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties,

in the foregoing joint petition and agreement; that he is also agent for said party,

and has signed said joint petition and agreement in that capacity; that all of the

allegations of fact contained in the above and foregoing joint petition and

agreement and made by the Employer/Insurer are true and correct to the best of his

knowledge, information and belief, and that he has read the foregoing joint petition

and agreement.

_____
DENNIS STEVENS

SWORN TO AND SUBSCRIBED before me this 27 day of Jun.,

2016.

_____
NOTARY    PUBLIC
Name: J. Louis Gibbens, #06121

13

WRIGHT-AIG-WC-001187

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

BEFORE ME, the undersigned authority, personally came and appeared JAY

WILLIAMS who, being duly sworn, deposed and said:

That he is counsel for JOHN WRIGHT, the Employee in the foregoing joint

petition and agreement; that he is also agent for said party, and has signed said joint

petition and agreement in that capacity; that all of the allegations of fact contained

in the above and foregoing joint petition and agreement and made by the Employee

are true and correct to the best of his knowledge, information and belief, and that he

has read the foregoing joint petition and agreement.

_____
JOHN WRIGHT

SWORN TO AND SUBSCRIBED before me this 21st day of June,

2016.

_____
NOTARY   PUBLIC
Name: _____, # _____

14

JATAVIAN L. WILLIAMS
Notary Public
State of Louisiana
Orleans Parish
Notary ID # 91698
LA Bar Roll # 33431
My Commission is for Life

WRIGHT-AIG-WC-001188

RECEIVED
OWC-DISTRICT 8

2016 JUN 30  AM 8:58

16-04161

JOHN WRIGHT                                           DOCKET #:          DISTRICT:  08

VERSUS                            :          OFFICE OF WORKERS' COMPENSATION

LCS CORRECTIONS SERVICES, INC.    :          STATE OF LOUISIANA
*****************************************************************************

## ORDER APPROVING WORKERS'
## COMPENSATION SETTLEMENT

This matter having been presented on the joint petition and agreement of

JOHN WRIGHT, Employee, LCS CORRECTIONS SERVICES, INC.,

COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released

Parties, and the Honorable Workers' Compensation Judge having been fully

informed in the premises, and after personally discussing the matter with the

Employee and it appearing that Employee has been fully advised of all his rights

under the laws of Louisiana, particularly, but not exclusively, Louisiana Workers'

Compensation laws being LSA-R.S. 23:1021, et seq. and the other laws of

Louisiana and of the United States, and that he understands the terms and

conditions of the proposed compromise settlement and that the proposed

compromise settlement is fair and equitable and does substantial justice to the

parties:

IT IS THEREFORE ORDERED that the said proposed compromise

settlement be, and it is now hereby approved and made the Order of this

15

Department, and that, accordingly, LCS CORRECTIONS SERVICES, INC.,

COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties

have agreed to waive their lien in the third party claim entitled "Jackie Osborne, Jr.,

et al v. Government Employees Insurance Company, et al", bearing docket no.:

75871, Parish of Evangeline, State of Louisiana in exchange for employee

dismissing his workers compensation claims against LCS CORRECTIONS

SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY

and Released Parties and give them a full and final settlement, satisfaction, and

compromise of any and all claims for workers' compensation benefits, past, present

or future (State or Federal), any and all executive officers or directors, damages,

and medical expenses and vocational rehabilitation expenses, arising under the

Louisiana Workers' Compensation Laws, and however arising, due and allegedly to

become due Employee, on account of and/or growing out of said accident sustained

and claimed to have been sustained by the Employee on or about November 10,

2014 and anything else that may have occurred while the Employee was employed

by the Employer, and all of the results and consequences thereof.

IT IS FURTHER ORDERED that, Employee be and he is hereby authorized

and empowered to execute and grant a full binding and complete release and

indemnification agreement of any and all claims of whatever nature, character and

16

WRIGHT-AIG-WC-001190

kind that he may have to and in favor of Employer/Insurer/Released Parties,

including any and all claims that he may now have and hereafter acquire, whether

arising under the Louisiana Workers' Compensation Laws, the U.S. Longshoreman

& Harbor Worker's Compensation Act and however arising, because of the

accident sustained and claimed to have been sustained by Employee on or prior to

November 10, 2014 and anything else that may have occurred while the Employee

was so employed, and all of the results and consequences thereof.

     IT IS FURTHER ORDERED that the six-month waiting period is waived.

     THIS ORDERED, READ, RENDERED, AND SIGNED, at Alexandria,

Louisiana, this ___ day of ___JUN 3 0 2016___, 2016.

_____
JUDGE, OFFICE OF WORKERS' COMPENSATION

TRUE COPY

RECEIVED
OWC-DISTRICT 8
2016 JUN 30   AM 8: 58

17

WRIGHT-AIG-WC-001191

JOHN WRIGHT                   :     DOCKET #:      DISTRICT: 08

VERSUS                     :     OFFICE OF WORKERS' COMPENSATION

LCS CORRECTIONS SERVICES, INC.   :     STATE OF LOUISIANA
*******************************************************************************

## WAIVER

I, JOHN WRIGHT, have been fully advised that LSA-R.S. 23:1271(3) requires the expiration of six months following the termination of temporary total disability before a workers' compensation claimant can enter into a lump sum settlement and that this statute was enacted for my protection, as a workers' compensation claimant.  Having been so advised, I agreed to waive the six-month waiting requirement and wish to proceed with the settlement.

New Orleans, Louisiana this 21st day of June, 2016.

_____
Witness
Name: _chrystal Fontenot_

_____
JOHN WRIGHT

18

WRIGHT-AIG-WC-001192

## RECEIPT AND RELEASE

**STATE OF LOUISIANA**

*RECEIVED*
*OWC-DISTRICT 8*

*2016 JUN 30 AM 8:58*

**PARISH OF** _Orleans_

BE IT KNOWN that on this 21st day of _June_, 2016, before me,

the undersigned authority, a Notary Public in and for the Parish and State above

written, and in the presence of the two undersigned competent, attesting witnesses,

personally came and appeared JOHN WRIGHT of full age of majority, a resident of

and domiciled in Basile, Louisiana, who declared that he has this day received from

LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY

INSURANCE COMPANY  and Released Parties including any and all of each of its

officers, directors, partners, affiliates, subsidiaries, parent companies, predecessors,

successors, heirs, assignees and assignors, and with respect to each, their attorneys,

officers, agents, servants, directors, stockholders, employees, underwriters, insurers,

excess insurers, reinsurers, indemnities, contractors, subcontractors, joint venturers,

operators, non-operators, lessors and lessees, all parties in privity therewith, and any

and all other persons or entities to whom or for whose conduct any of them may be

liable, collectively herein the released parties  an agreement to waive their lien in the

third party claim entitled "Jackie Osborne, Jr., et al v. Government Employees

Insurance Company, et al", bearing docket no.: 75871, Parish of Evangeline, State

of Louisiana in exchange for employee dismissing his workers compensation claims

19

WRIGHT-AIG-WC-001193

against LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released Parties and any and all executive officers or directors, which is hereby acknowledged and full discharge and acquittance hereby given, under the terms of the compromise agreement of settlement agreed upon by Appearer and LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties.

And in consideration for the agreement above mentioned, appearer does hereby forever release and forever discharge the said LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties and any and all executive officers or directors of and from any liability for past, present or future compensation, damages, and medical expenses of any character whatsoever, penalties, attorneys fees and costs for vocational rehabilitation arising under the Louisiana Workers' Compensation Laws, the U.S. Longshoreman and Harbor Worker's Compensation Act, and however arising, growing out of and claimed to grow out of the alleged accident on or prior to November 10, 2014 and anything else that may have occurred while JOHN WRIGHT was so employed.

Appearer declares that he does hereby release the said LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties and all executive officers or directors, or any person for whom

20

they may be liable, of and from any and all liability to appearer, and does further release said party of and from any and all liability under the judgment/order above mentioned, and further authorizes any judgment/order entered herein to be canceled in full.

Appearer does for himself, his heirs, executors, administrators, successors, assigns and next kin, covenant to indemnify and save forever harmless the said LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties and any and all executive officers or directors, and anyone for whom they or any of them might be considered or held responsible, and each and all and any of their agents, servants and employees, of and from and for and against any and all claims, demands, costs, vocational rehabilitation, protection or indemnity, medical expenses, penalties and attorneys fees and compensation on account of or in any way growing out of the said loss and all results growing from and allegedly caused thereby and appearer does agree to defend, indemnify and hold harmless LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties of and from and against any and all claims and/or demands for payment of any medical examinations, treatment, hospitalization or any medical care of the Employee, JOHN WRIGHT.

Appearer also declared that LCS CORRECTIONS SERVICES, INC.,

WRIGHT-AIG-WC-001195

COMMERCE AND INDUSTRY INSURANCE COMPANY and Released Parties and any and all executive officers are not responsible for any future medical care, treatment or expenses.  Further, Appearer hereby affirms that the medical expenses he has claimed do not include any claim for services provided by any entity supervised by the Louisiana Department of Health and Hospitals or by any state-owned or state-operated health care provider or by any Medicare or by any Medicaid provider.  Appearer further states that he has not been a patient of, or received any treatment in any charity hospital of the State of Louisiana or any state-owned or state-operated health care provider or by any Medicare and/or Medicaid provider in connection with any injuries that he sustained arising out of or in connection with the accident described herein. In the event that medical service has been rendered to or on his behalf, or shall be rendered to or on his behalf, by any state-owned or state-operated health care provider or any Medicare and/or Medicaid provider and/or in the event that any claims or rights of action arising out of the accident described above have been assigned, subrogated, or transferred or if any liens or privileges are asserted, whether they now exist or when they arise in the future, arising out of the accident described herein; Appearer does hereby agree to be fully responsible for payment thereof and does hereby agree to defend, indemnify and hold harmless the Released Parties, their heirs, successors and assigns, agents, employees, officers, directors stockholders, parent, subsidiary or

WRIGHT-AIG-WC-001196

affiliated corporations, of and from any and all claims by the Louisiana State Department of Health and Hospitals or any of its facilities and/or entities or any Medicare and/or Medicaid provider for any claims that may be made against the Released Parties because of such assignment, subrogation, transfer, lien or privilege, including, but not limited to, any claims for medical expense and civil penalties or failure to comply with LSA-R.S. 46:446, 46.446.1 and/or LSA-R.S. 46:153(3).

JOHN WRIGHT, employee herein, hereby attests that neither employee, nor any of employee's medical providers on employee's behalf have received Medicare/Medicaid benefits as provided under 42 U.S.C.A §1395(y), as a result of the work related occupational disease or injuries employee alleges and attests that employee does not intend to file for such benefits within the next thirty (30) months.  Employee agrees that, in the event that said attestation is erroneous, employee shall hold LCS CORRECTIONS SERVICES, INC., COMMERCE AND INDUSTRY INSURANCE COMPANY  and Released Parties, including any and all of each of its officers, directors, partners, affiliates, subsidiaries, parent companies, predecessors, successors, heirs, assignees and assignors, and with respect to each, their attorneys, officers, agents, servants, directors, stockholders, employees, underwriters, insurers, reinsurers, indemnities, contractors, subcontractors, joint venturers, operators, non-operators, lessors and lessees, all

23

parties in privity therewith, and any and all other persons or entities to whom or for whose conduct any of them may be liable, collectively herein the released parties, harmless from any and all claims for reimbursement and/or damages that Medicare/Medicaid and/or the Health Care Financing Administration, or any party on their behalf, may have against the released parties.  Employee further agrees that, in the event that said attestation is erroneous, employee will further be responsible for restitution to Medicare/Medicaid for any medical benefits Medicare/Medicaid has paid for treatment related to the work-related occupational disease or injuries employee alleges.  Moreover, employee further agrees to indemnify and hold harmless the released parties concerning any claims asserted by Medicare/Medicaid for reimbursement of any medical benefits Medicare/Medicaid has paid for treatment related to the work related occupational disease or injuries employee alleges.  Employee further agrees that, in the event that said attestation is erroneous, employee will immediately notify Medicare/Medicaid of the terms and conditions of this settlement.  Employee further acknowledges employee's understanding that should employee or any medical providers on employee's behalf submit claims to Medicare/Medicaid for services deemed causally related to employee's work related occupational disease or injuries referenced herein, Medicare/Medicaid may seek a credit towards the payments for said services in an amount representative of that portion of this settlement that reasonably constitutes

24

WRIGHT-AIG-WC-001198

the values of the claim for workers' compensation medical benefits that has been settled. Employee understands and accepts sole responsibility for any and all medical treatment in the event that such a credit is taken.

Appearer further declared that he has read the joint petition, affidavits, order, and receipt and release, and fully understands the terms of all these documents.

Appearer further declared that he does hereby waive the six-month waiting period.

THUS DONE, READ AND PASSED in the City of *New Orleans*, Parish of *Orleans*, State of Louisiana, on the day, month and year first above written in the presence of the two undersigned competent, attesting witnesses who have hereunto signed their names with appearer, and me, said Notary, after due reading of whole.

Witnesses:

Name: *Crystal Crown*

Name: *Chrystal Fontenot*

JOHN WRIGHT

Notary Public
Name: _____, #___

JATAVIAN L. WILLIAMS
Notary Public
State of Louisiana
Orleans Parish
Notary ID #91658
LA Bar Roll #33431
My Commission is for Life

25