UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JACKIE OSBORNE, JR. AND JOHN DAVID WRIGHT** | * * * | **CIVIL ACTION NO.: 15-2845** |
| **VERSUS** | * * | **JUDGE: RICHARD T. HAIK** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), WAYNE E. BENSON, AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.** | * * * * * | **MAGISTRATE: CAROL B. WHITEHURST** |

* * * * * * * * * * * * * *

### NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S STATEMENT OF UNCONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), which respectfully submits that the following facts are material to the determination of its Motion for Partial Summary Judgment, none of which are in dispute:

1. National Union issued a policy of insurance to LCS Corrections, Inc. ("LCS") bearing policy number CA 457-64-28 effective from December 31, 2009 through December 31, 2010 ("the National Union Policy").[1]

2. An automobile collision allegedly occurred on November 10, 2014, in Livingston Parish, Louisiana. Plaintiff's petition.[2]

3. Plaintiffs have asserted a claim against National Union for underinsured/uninsured motorist's coverage.[3]

---

[1] Exhibit "A" to National Union's Partial Motion for Summary Judgment.
[2] R. Doc. 1-1
[3] *Id.*

1

4. The National Union Policy provides "Economic Only" UM/UIM coverage with a limit of $100,000 each accident/occurrence.[4]

5. The UM/UIM coverage form provides that "[t]his insurance does not apply to: 1. The Direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law."[5]

6. The Plaintiffs were in the course and scope of their employment at the time of the accident and also made claims for worker's compensation benefits with LCS and its workers compensation insurer, Commerce and Industry Insurance Company (C&I).

7. Plaintiffs negotiated a settlement of all workers' compensation claims.

8. Plaintiffs released LCS and C&I "from any liability for past, present or future compensation, damages, and medical expenses of any character whatsoever…arising under the Louisiana Workers' Compensation Laws…however arising, growing out of and claimed to grow out of the alleged accident on or prior to November 10, 2014 and anything else that may have occurred while [Plaintiff] was so employed."[6]

9. Section II(B) of the Business Auto Coverage Form titled "Exclusions" provides in relevant part that:

> This insurance does not apply to any of the following:
> * * *
> 3.  Workers' Compensation
>
>     Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> 4.  Employee Indemnification And Employers' Liability

---

[4] *See* National Union 2013-2014 Policy, UM/UIM Form, Exhibit "A" to National Union's Partial Motion for Summary Judgment.
[5] *See* National Union 2013-2014 Policy, Louisiana Uninsured Motorists Coverage-Bodily Injury Endorsement, Exhibit "A" to National Union's Partial Motion for Summary Judgment.
[6] *See* Jackie Osborne Release Agreement, attached as Exhibit "B" to National Union's Partial Motion for Summary Judgment; John Wright Release Agreement, attached as Exhibit "C" to National Union's Partial Motion for Summary Judgment.

2

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:
   (1) Employment by the "insured"; or
   (2) Performing the duties related to the conduct of the "insured's" business; or
b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:
   (1) Whether the "insured" may be liable as an employer or in any other capacity; and
   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.[7]

10. The Policy also includes an endorsement titled "Louisiana Uninsured Motorists Coverage—Bodily Injury" which, under Section C, "Exclusions", further provides:

   This insurance does not apply to:
   2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.[8]

Respectfully submitted,

/s /Tara E. Clement
ROBERT I. SIEGEL (#12063)
TARA E. CLEMENT (#27406)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
Email: rsiegel@glllaw.com
          tclement@glllaw.com
*Attorneys for National Union Insurance Company of Pittsburgh, Pa.*

---

[7] Exhibit "A" to National Union's Partial Motion for Summary Judgment.
[8] Exhibit "A" to National Union's Partial Motion for Summary Judgment.

3

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 31st day of January, 2017.

                                        */s /Tara E. Clement*
                                        TARA E. CLEMENT